


```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  P. GREG PARHAM
    Assistant United States Attorney
 6  Asset Forfeiture Section
    California Bar No. 140310
 7      Federal Courthouse, 14th Floor
        312 North Spring Street
 8      Los Angeles, California 90012
        Telephone:  (213) 894-6528
 9      Facsimile:  (213) 894-7177
        E-mail: greg.parham@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America

12              UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                    SOUTHERN DIVISION

15  UNITED STATES OF AMERICA,    )  NO. SA CV  SACV11-00357 JVS (RNBx)
16                               )
           Plaintiff,             )    VERIFIED
17                               )    COMPLAINT FOR FORFEITURE
        v.                        )
18                               )    [21 U.S.C. § 881(a)(2)]
    ASSORTED MARIJUANA GROW      )
19  EQUIPMENT,                   )    [D.E.A.]
                                 )
20         Defendants.            )
                                 )
21  _____)

22

23

24      The United States of America brings this claim against
25  Assorted Marijuana Grow Equipment, and alleges as follows:
26                    JURISDICTION AND VENUE
27      1.   This is a civil in rem forfeiture action pursuant to 21
28  U.S.C. § 881(a)(2).
```

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

## INTERESTED PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The interest of Tyler C. Hendricks ("Hendricks") may be adversely affected by these proceedings.

6. The defendants are assorted marijuana grow equipment, described as follows:

    a. (18) grow spinner systems;
    b. (1) electric trimming machine;
    c. (2) light hoods with 1,000 watt bulbs;
    d. (1) motor for track lighting;
    e. (2) centrifugal ceiling fans;
    f. (1) filter with fan;
    g. (12) 400 watt MH bulbs;
    h. (14) 600 watt HP sodium bulbs;
    i. (9) fluorescent ballasts;
    j. (1) flood light with bulb;
    k. (6) 600 watt HPS bulbs;
    l. (1) food saver sealer;
    m. (1) CO2 generator;
    n. (3) portable air conditioners;
    o. (5) air controllers;
    p. (9) flipbox 120 volt ballast slaves;
    q. (1) fan controller;
    r. (2) PH meters;
    s. (4) thermometers;

      t.    (10) timers;

      u.    (3) water pumps;

      v.    (9) 600/400 watt ballasts;

      w.    (2) 1,000 watt ballasts; and

      x.    (3) 600 watt HPS ballasts.

7.  The above listed equipment, valued at approximately $58,868.51, will be collectively referred to hereafter as the "defendant equipment."

8.  Plaintiff alleges that the above-referenced defendant equipment was used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of 21 U.S.C. §§ 841 and 846, rendering it subject to forfeiture pursuant to 21 U.S.C. § 881(a)(2).

9.  The above-referenced defendant equipment was seized during the course of a criminal investigation conducted by the Huntington Beach Police Department (hereinafter "HBPD") and the Drug Enforcement Administration (hereinafter "DEA"), and is currently in the custody of the U.S. Marshals Service, where it shall remain subject to this court's jurisdiction during the pendency of this action.

<center>FACTS SUPPORTING FORFEITURE</center>

10. Prior to September 23, 2010, the DEA received information from a citizen who wished to remain anonymous that there was an indoor marijuana grow operation being conducted by Hendricks at a business location on Slater Avenue in Huntington Beach, California (the "grow location"). Southern California Edison records disclosed that the electrical utilities for the

grow location were paid from an account in Hendricks' name for a business named "Grow Green." The utility records also revealed an unusually high level of electricity usage for that type of structure, which is consistent with the operation of an indoor marijuana grow facility.

11. A review of the exterior of the grow location revealed that it was a commercial building with blacked out windows and a large air conditioner located outside the structure (and the only unit within the business complex that had a large air conditioner outside the structure). Indoor marijuana grow operations require air conditioners to regulate the temperature that is needed to optimally grow marijuana.

12. A public records search revealed that Hendricks had been involved in "wholesale hydroponics" and an internet business called wholesalehydrostore.com.

13. On September 22, 2010, a trained narcotic detecting canine ("Buddy") was deployed to sniff the exterior of the grow location. As Buddy sniffed around the edges of the closed garage door, he gave a positive alert, suggesting that the grow location contained items emitting one of the narcotic odors he was trained to detect.

14. On September 22, 2010, officers obtained a state search warrant for the grow location.

15. On September 23, 2010, at approximately 10:00 a.m., DEA special agents and HBPD officers (collectively referred to hereafter as "officers") conducted surveillance at the grow location and observed Hope Hendricks ("Hope"), who is the mother of Hendricks, leave the grow location and depart in a gold Lexus.

1  16. At approximately 12:00 p.m., Hendricks arrived at the grow location in a gray Jeep. Officers approached Hendricks at his vehicle and spoke to him prior to entering the grow location.

17. At approximately 12:39 p.m., officers presented the search warrant to Hendricks and conducted an interview with him after he waived his Miranda rights. Hendricks stated that he had been at the location for about 5 months and paid $1,200 per month rent. He stated that he worked approximately 14 hours per day with no additional employees (other than his mother who helped clean the cultivation site and did small chores). Hendricks said that he sold marijuana to five marijuana dispensaries that he believed had 100 to 1,000 members each. He added that he had just sold two pounds of marijuana to a dispensary for $1,800 per pound, which he said came from his first crop (which he also claimed was a bad one). Hendricks said that he projected making a salary of $3,000 per month and would employ additional workers when his cultivation operation was established. He stated that he spent $60,000 to $70,000 for the marijuana grow equipment. Hendricks said that he had more marijuana in his Costa Mesa residence for personal use. Hendricks was not arrested at the time of the search.

18. At approximately 12:40 p.m., officers entered the grow location and observed a small room and a large warehouse space, entirely devoted to the cultivation of marijuana. During the search, officers observed numerous marijuana plants being cultivated, in various stages of development. In total, officers seized approximately 672 marijuana plants. In addition, officers seized processed marijuana with a total weight of approximately

1  7.42 kilograms.  The defendant equipment, found throughout the
2  grow location, and being utilized in various stages of marijuana
3  cultivation and processing, was also seized.
4       19.  The following paperwork was collected during the
5  execution of the search warrant at the grow location:
6            a.  A manila folder containing an application for a
7  seller's permit for the "Grow Green Collective."
8            b.  A manila folder containing notes on how to operate
9  a large indoor marijuana grow operation.
10           c.  An application for a business license, listing a
11 detailed description of the business activity as "Wholesale
12 Manufacturing and Nursery Products."
13           d.  A red book containing the names of the members of
14 Hendricks' "collective."  The notebook contained a Marijuana
15 Medicine Evaluation Center folder and the pictures and names of
16 eight individuals.  One of the individuals had a contract signed
17 with Hendricks.  The remaining seven individuals had physician
18 statements recommending marijuana use.
19           e.  A pamphlet detailing the medical marijuana laws in
20 the state of California, as well as Federal law.  In the pamphlet
21 it states "California laws provide for limited immunity from
22 arrest and criminal prosecution."  The pamphlet also states that
23 a "primary patient or care giver may maintain no more than six
24 mature marijuana plants or twelve immature marijuana plants per
25 patient."
26           f.  A manila folder with a document titled "business
27 plan," stating that "profits aren't everything, they're the only
28 thing."

   g. Various notebooks tracking the growth of the marijuana plants.

   h. A contract entitled "Tyler Hendricks Cultivator Agreement," containing the following: "Both Contractor and Collective acknowledge that the cultivation of any amount of marijuana is illegal under FEDERAL LAW . . . ."

  20. A brief review of the computer belonging to Hendricks revealed a "Grow Room Investor Proposal," detailing the amount of money to invest as well as the return to expect when investing in the Spinner Systems that Hendricks had in use at the grow location. The proposal stated that risks are "lower than they have ever been." The proposal also outlined the medical marijuana laws, referencing a six or twelve plant maximum per patient. The proposal noted the risks involved in that type of investment, namely a law enforcement raid. The proposal went on to advise investors to keep the "grow room under the radar." The computer also contained numerous pictures of marijuana plant clones.

  21. On September 23, 2010, officers also obtained and executed a state search warrant at Hendricks' residence in Costa Mesa, California. The search was conducted at approximately 6:05 p.m. During the search, officers seized approximately 1.8 kilograms of processed marijuana.

  22. On September 23, 2010, at approximately 6:46 p.m., following the execution of the search warrant at the grow location, officers interviewed Hendricks' mother, Hope, over the telephone. During the interview, Hope stated that she had helped her son with various chores in the marijuana cultivation

7

1  operation. Hope stated that a person named Shane (whose last
2  name she did not know) came into the grow location, sold her son
3  marijuana plants (both large and small), and looked around. She
4  said that her son only sold marijuana a couple of times.

5     23. Based upon the facts set out herein, plaintiff alleges
6  that the defendant equipment was used, or intended for use, in
7  manufacturing, compounding, processing, delivering, importing, or
8  exporting any controlled substance in violation of 21 U.S.C.
9  §§ 841 and 846, rendering the defendants subject to forfeiture to
10 the United States pursuant to 21 U.S.C. § 881(a)(2).

11    WHEREFORE, plaintiff United States of America prays that due
12 process issue to enforce the forfeiture of the defendants; that
13 due notice be given to all interested parties to appear and show
14 cause why forfeiture should not be decreed; that the Court decree
15 forfeiture of the defendants to the plaintiff for disposition
16 according to law; that the Court award plaintiff its costs of
17 suit; and that the Court issue such other and further relief as
18 the Court may deem just or proper.

19 DATE: March 3, 2011    ANDRÉ BIROTTE JR.
                          United States Attorney
20                        ROBERT E. DUGDALE
                          Assistant United States Attorney
21                        Chief, Criminal Division
                          STEVEN R. WELK
22                        Assistant United States Attorney
                          Chief, Asset Forfeiture Section

                          /s/ P. Greg Parham
24                        _____
                          P. GREG PARHAM
25                        Assistant United States Attorney
                          Asset Forfeiture Section

                          Attorneys for Plaintiff
27                        United States of America

## VERIFICATION

I, Scott B. Flanigan, hereby declare that:

1. I am a Special Agent with the Drug Enforcement Administration and am the case agent for the forfeiture matter entitled <u>United States of America v. Assorted Marijuana Grow Equipment</u>.

2. I have read the above Complaint for Forfeiture In Rem and know its contents. It is based upon my own personal knowledge and reports provided to me by other agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed March __3__, 2011 in Los Angeles, California.

Scott B. Flanigan

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
United States of America

**DEFENDANTS**
Assorted Marijuana Grow Equipment

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Los Angeles

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
P. Greg Parham, Assistant United States Attorney
1400 United States Courthouse, 312 North Spring Street
Los Angeles, California 90012
Telephone (213) 894-6528

**Attorneys** (If Known)

COPY

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
21 U.S.C. § 881 (a) (2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____ SACV11-00357

CV-71 (07/05)                                CIVIL COVER SHEET                                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  
☐ A. Arise from the same or closely related transactions, happenings, or events; or  
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or  
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or  
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Santa Ana

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Santa Ana

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Santa Ana

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** P. Greg Parham    Date 3/4/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**SACV11- 357 JVS (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] Western Division | [X] Southern Division | [_] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY